UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BANK OF AMERICA, N.A,**

    Plaintiff,

v.                                                      Case No: 5:14-cv-574-Oc-32PRL

**ASTOR HOSANG**

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter is before me upon referral from the United States District Judge. (Doc. 24). In this case, *pro* se Defendant, apparently displeased that his property was foreclosed upon in state court, filed a Notice of Removal (Doc. 1) attempting to remove the foreclosure to this Court. Plaintiff, Bank of America, has filed a "Motion to Dismiss 'Initial Brief' and Response to Motion for Summary Judgment" (Doc. 20), to which *pro se* Defendant has not directly responded. Defendant, however, filed his own Motion to Dismiss (Doc. 21), and an Emergency Motion to Stay (Doc. 22) on May 4, 2015, requesting a stay of the foreclosure proceedings in state court. Pursuant to prior notice, the Court held a hearing on May 13, 2015 and heard arguments from counsel for Bank of America and the *pro se* Defendant. For the reasons explained below, I respectfully recommend that this action be remanded because Defendant's removal to this Court was improper.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**I.     BACKGROUND**

A review of the docket reveals that this case commenced in 2010 as a routine foreclosure action in the Circuit Court in and for Citrus County, Florida.  On April 24, 2014, a Final Judgment of Foreclosure was entered for $308,739.52 in favor of Plaintiff (as successor by merger to the original lender) and against *pro se* Defendant.  On October 22, 2014, some four years after his state action commenced and after judgment had been entered against him, Defendant filed a Notice in state court removing the case to this Court pursuant to 28 U.S.C. § 1443.  The state court struck that notice (though the matter was now pending here, even if improperly), and Defendant's property was sold at a foreclosure sale the same day.  (Doc. 20-1).  Defendant moved to strike the sale of his property, and the Citrus County Circuit Court denied his motion.  On November 29, 2014, Defendant entered an appeal of that order with the Fifth District Court of Appeals (Doc. 20-1), which appears to be pending (Case No. 5D14-4338).

Meanwhile, because of Defendant's October 22, 2014 Notice of Removal, the foreclosure action was pending in this Court.  Defendant began to seek relief here, and filed a motion for summary judgment (Doc. 11), arguing that Plaintiff Bank of America could not testify because it is a corporation, and that it lacks standing due to the inability to produce the original promissory note.  In response, Plaintiff Bank of America moved to dismiss (Doc. 20) the initial brief, and requested remand on the basis that the action was not properly removed, as discussed below. Although he failed to reply directly to Plaintiff's motion, Defendant filed his own motion to dismiss (Doc. 21), reiterating his prior arguments.  Defendant then recently filed an emergency motion (Doc. 22) to stay this action and the eviction of his tenants from the subject property, arguing that the sale of the property was illegal.

Complicating matters is the fact that, until recently, counsel for Plaintiff Bank of America seemed to fail to recognize that this case had, in fact, been removed to federal court. Counsel's mistaken belief that the state court's order striking the notice of removal ended the removal proceedings does not excuse neglecting the action in this Court, even if removal was (and is) improper. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of a notice of removal of a civil action, the clerk of the state court "shall effect the removal and the State court shall proceed no further unless or until the case is remanded." At a minimum, Plaintiff was on notice that this action should have been treated as a removal action in this Court. Instead, counsel allowed the case to remain pending in this Court for more than two months before making any appearance at all. Indeed, it seems counsel for Bank of America only entered a notice of appearance on December 29, 2014 (Doc. 10), after being prompted by the Court's Order of November 10, 2014, which observed that counsel for Plaintiff, Mr. Bowen and Mr. Herman, were not admitted to the bar for the Middle District of Florida. (Doc. 8). Rather than promptly filing a motion to remand, Plaintiff then filed a motion for extension of time to reply to *pro se* Defendant's motion for summary judgment. (Doc. 12). Finally, on February 6, 2015, Plaintiff filed a pleading styled "Motion to Dismiss 'Initial Brief' and Response to Motion for Summary Judgment," which Plaintiff later amended and refiled on February 23, 2015. (Docs. 18 & 20). Although a close reading of this pleading reveals Plaintiff's request to remand the action, counsel's choice to title, docket, and present the motion as a "Motion to Dismiss 'Initial Brief' and Response to Motion for Summary Judgment" obscured the Court's ability to recognize this as a removal action warranting prompt remand. Indeed, during the hearing, counsel for Bank of America attempted to explain why it was presented in that convoluted manner, and stated that she was unsure how to present the motion. Yet, even a brief review of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c),

governing procedure after removal, would have quickly resolved that uncertainty. It is this unfortunate series of events that has permitted the case to proceed to its present posture.

## II.     LEGAL STANDARDS

It is "by now axiomatic that the inferior federal courts are courts of limited jurisdiction," empowered "to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Company,* 168 F.3d 405, 409 (11th Cir. 1999). A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally." *Whitt v. Sherman International Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). District courts have original jurisdiction over diversity cases, pursuant to 28 U.S.C. §1332, and matters arising under federal law, pursuant to 28 U.S.C. §1331. *Id.* Where a plaintiff has objected to a defendant's removal, the burden of proof is on the defendant, as the removing party, to prove by a preponderance of the evidence that the action was properly removed. Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly and doubts about jurisdiction should be resolved in favor of remand to state court. *University of South Alabama*, 168 F.3d at 411. Indeed, "[a] presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Id.*

Procedurally, removal is governed by Title 28 U.S.C. §1446(b), which creates two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order or other paper. *See*

*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007).  In either type of case, "a defendant must remove within thirty days of receiving the document that provides the basis for removal."  *Id.* at 1212-13.

Moreover, at any time, the Court may review *sua sponte* whether it possesses subject matter jurisdiction over an action before it.  *See University of South Alabama*, 168 F.3d at 409–11 (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction).  In the case of a removal action, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from whence it came.  28 U.S.C. § 1447(c).

### III.   DISCUSSION

It is readily apparent that this case is not properly pending in this Court.  Remand is warranted.

First, this case must be remanded because Defendant's removal was untimely and Defendant has failed to allege facts supporting removal.  Pursuant to 28 U.S.C. § 1446, a notice of removal must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading or within 30 days after the service of the summons upon defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  Here, the state court action *pro se* Defendant sought to remove was initiated on September 3, 2010 by a Complaint to Foreclose Mortgage.  (Doc. 20-1).  Although it is not ascertainable based upon the docket sheet attached as an exhibit to Plaintiff's motion (Doc. 20-1), according to the Clerk of the Circuit Court for Citrus County Florida, Defendant Astor Everett Hosang was served with the Complaint at 11:00 a.m. on October 11, 2010, at his address on Churchill Avenue, in New Jersey.  The return of service is reflected as Docket Entry No. 13 on

the state court docket. (Doc. 20-1, Case. No. 2010 CA 004323).  Defendant's notice of removal (Doc. 1) was not filed until October 22, 2014, more than four years later, and six months after the Final Judgment of Foreclosure was entered in the Circuit Court in and for Citrus County.  (Doc. 20-1).  As Plaintiff argues, the removal is undoubtedly untimely.

Plaintiff further accurately observes that Defendant's removal fails to adequately set forth facts establishing his right to remove.  Instead, Defendant purports to remove on the basis of unspecified Constitutional violations pursuant to 28 U.S.C. § 1443, and asserts convoluted arguments regarding the Federal National Mortgage Association's alleged lack of standing due to being a corporation.  (Doc. 1).  Defendant contends, "There has to be a real person making the complaint and bringing evidence before the Court.  Corporations are paper and cannot testify." (Doc. 1).  Defendant's pleadings are replete with nonsensical allegations regarding lack of standing, and Plaintiff's alleged failure to present the original promissory note, which Defendant believes renders the state court judgment void.  (Doc. 21).  Defendant also argues, to no avail, that "the original attorneys of the plaintiff never had jurisdiction to file a claim against the defendant from the beginning because they were not registered with the bar in the Middle District of Florida."  (Doc. 21, p. 6).  Needless to say, this Court's Orders (Docs. 8 & 16) observing that not all of Plaintiff's attorneys were admitted to the Middle District of Florida, have no bearing on the validity of the state court judgment.

In any event, as Plaintiff contends, the removal was indeed defective.  "It is well established that a removing party must present facts establishing its right to remove.  When the defendant fails to do so, remand is favored." *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1326 (M.D. Fla. 2003).

At least one more equally compelling reason exists to remand this case. Defendant's attempted removal to this court is an improper collateral attack on the state court's final judgment in the foreclosure action and, therefore, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Under 28 U.S.C. § 1257(a), federal review of state-court judgments may only occur in the United States Supreme Court. Thus, district courts lack jurisdiction to review final state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983). The *Rooker–Feldman* doctrine "makes clear that federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). The doctrine applies to claims that were actually raised in the state court and those "inextricably intertwined" with that state judgment. *Id.* Where a party did not have a "reasonable opportunity to raise his [or her] federal claim in state proceedings[,]" however, the doctrine does not apply. *Id.*

The Eleventh Circuit and many district courts in this circuit have applied the *Rooker–Feldman* doctrine to dismiss actions where plaintiffs were, in reality, challenging state-foreclosure judgments. *See, e.g.*, *Parker v. Potter*, 368 Fed.Appx. 945, 947–48 (11th Cir. 2010) (rejecting under *Rooker–Feldman* a federal claim under the Truth in Lending Act ("TILA") that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan*, 298 Fed.Appx. 890, 892–93 (11th Cir. 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker–Feldman*); *Harper v. Chase Manhattan Bank*, 138 Fed.Appx. 130, 132–33 (11th Cir .2005) (dismissing federal TILA, Fair Debt Collection Practices Act ("FDCPA"), and Equal Credit Opportunity Act ("ECOA") claims under *Rooker–Feldman* because they were inextricably intertwined with a state-court

foreclosure proceeding); *AboyadeCole Bey v. BankAtl.*, No. 6:09–cv–1572–Orl–31GJK, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker–Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment).

This action, too, at its core, is merely an attempt to revisit the state court's foreclosure judgment. Further, it is apparent that *pro se* Defendant had a reasonable opportunity to raise his claims in the state proceedings. Indeed, that opportunity continues, as those proceedings are still ongoing with the pending appeal before the Fifth Circuit Court of Appeals. Because this Court lacks subject matter jurisdiction, this action must be remanded.

III.   **RECOMMENDATION**

Accordingly, upon due consideration, I respectfully recommend that Plaintiff's Motion (Doc. 20) be **GRANTED**, and this case be **REMANDED** pursuant to 28 U.S.C. § 1447(c). It is further recommended that, because this Court lacks subject matter jurisdiction, Defendant's motion for summary judgment (Doc. 11), Defendant's motion to dismiss (Doc. 21), and Defendant's emergency motion to stay (Doc. 22) be **DENIED**.

Recommended in Ocala, Florida on May 15, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy