UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BANK OF AMERICA, N.A,

    Plaintiff,

v.                                          Case No. 5:14-cv-574-Oc-32PRL

ASTOR HOSANG,

    Defendant.

## O R D E R

This case is before the Court on Defendant Astor HoSang's Motion for Summary Judgment (Doc. 11), Plaintiff Bank of America, N.A.'s Amended Motion to Dismiss 'Initial Brief' and Response to Motion for Summary Judgment (Doc. 20), HoSang's Rule 12(b)(6) Motion to Dismiss (Doc. 21), and his Emergency Motion for Stay Pending Review (Doc. 22). Upon referral from the undersigned, on May 15, 2015, the assigned United States Magistrate Judge issued a Report and Recommendation on all pending motions that recommended Bank of America's motion to dismiss be granted to the extent that the case should be remanded to state court and that all other motions be denied due to a lack of subject-matter jurisdiction. (Doc. 26.)

On June 1, 2015, HoSang filed written objections to the Report and Recommendation. (Doc. 27.) Bank of America has filed no response to the objections, and the time in which to do so has passed. See Fed. R. Civ. P. 72(b)(2); M.D. Fla. R. 6.02(a). The matter is now before the undersigned for de novo review. See 28 U.S.C. §

636(b); Fed. R. Civ. P. 72(b)(3).[1]

Upon de novo review, the undersigned accepts and adopts the Report and Recommendation and rejects each of HoSang's objections. In his first objection, HoSang takes issue with the Magistrate Judge's description of his claims as "unspecified" and "convoluted." He contends that the allegations in the complaint, when held to the less stringent standard for pro se pleadings, clearly implicate federal jurisdiction because they involve banking, securities trading, and violation of his rights under the Sixth and Eleventh Amendments to the United States Constitution and because grounds for diversity jurisdiction under 28 U.S.C. § 1332 exist. Assuming for the moment that his contentions are correct, the undersigned concludes that Magistrate Judge still properly recommends remand because HoSang's attempted removal was untimely pursuant to 28 U.S.C. § 1446(b)(1). (See Doc. 26 at 5-6.)

To rebut this recommendation, HoSang contends this Court has exclusive jurisdiction over this case and then extrapolates from the valid principle that subject-matter jurisdiction can be challenged at any time to reach the invalid conclusion that he could therefore remove this case at any time. (Doc. 27 at 3-4 (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974).) But HoSang mistakes "original" jurisdiction for "exclusive" jurisdiction. 28 U.S.C. §§ 1331, 1332, and 1343 grant federal district courts original jurisdiction over certain matters, but the general

---

[1] HoSang purports to make his objections pursuant to Federal Rule of Civil Procedure 59, which deals with requests for new trial and to alter or amend judgments, not objections to a magistrate judge's reports and recommendations. Judgment has not been entered, however, and the Court will instead accept his objections for review pursuant to the authority cited here.

2

rule is that state courts maintain concurrent jurisdiction over such matters unless Congress has given federal courts exclusive jurisdiction or until the case has been properly removed. See Haywood v. Drown, 556 U.S. 729, 734-35 (2009) (stressing that concurrent jurisdiction is presumed and that "state courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law"). As noted above and in the Report and Recommendation, HoSang has not timely removed this case. Moreover, neither the plaintiff's status as a bank nor HoSang's vague statements that this foreclosure case involves securities sufficiently invoke any congressional grant of exclusive jurisdiction. The undersigned thus rejects HoSang's contention that his removal was proper and timely.

Moreover, the undersigned agrees with Magistrate Judge Lammens that remand is proper under the Rooker-Feldman doctrine. The Report and Recommendation accurately classifies HoSang's claims as "an attempt to revisit the state court's foreclosure judgment." (Doc. 26 at 8.) This case falls squarely within the class of cases covered by Rooker-Feldman: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The case is due to be remanded on this basis, as well.

Unfortunately, this determination does not resolve things in this Court. 28 U.S.C. § 1446(d) states that providing adverse parties with the notice of removal and

3

filing a copy with the clerk of the state court "shall effect the removal <u>and the State court shall proceed no further unless and until the case is remanded</u>." (emphasis added). Yet, the state court proceedings did continue after removal.[2] Either at its request or by its acquiescence, Bank of America allowed the state court to enter an order purporting to "strike" the notice of removal and proceeded to sell HoSang's property at auction. The state court later denied a motion by HoSang to strike the sale. HoSang appealed to the Florida Fifth District Court of Appeal, and his appeal remains pending.

Pursuant to § 1446(d), the actions in the state court after the court received the notice of removal are void <u>ab initio</u>. <u>Maseda v. Honda Motor Co.</u>, 861 F.2d 1248, 1254-55 (11th Cir. 1988) ("[T]he filing of a removal petition terminates the state court's jurisdiction until the case is remanded, even in a case improperly removed," such that "[a]ny subsequent proceedings in the state court on the case are void <u>ab initio</u>." (citations omitted)); <u>Mills v. Target Corp.</u>, No. 5:10-cv-263-Oc-32TEM, 2010 WL 4646701, at *1 (M.D. Fla. Nov. 9, 2010) (finding state court's grant of motion to dismiss after removal to be a nullity); <u>see</u> <u>Gen. Elec. Credit Corp. v. Smith</u>, 484 So. 2d 75, 76 (Fla. 2d DCA 1986) ("The state court's jurisdiction is suspended from the moment of removal until the case is remanded to it by the federal court."); <u>also</u> 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, <u>or where necessary in</u>

---

[2] The Court takes judicial notice of the proceedings in the state court. Fed. R. Evid. 201(b)-(c). A copy of the state trial court docket sheet, the state appellate court docket sheet, and the Order Striking Defendant's Notice of Removal are attached.

4

aid of its jurisdiction, or to protect or effectuate its judgments." (emphasis added)). Notwithstanding its (correct) view that HoSang's notice of removal was untimely and legally insufficient, the state court was without jurisdiction to strike the notice and to continue with the case unless and until this Court remanded the case back to state court. The Court will remand the case now, but (reluctantly) with the proviso that all proceedings in the state court after October 22, 2014 are vacated and void ab initio.[3]

Accordingly, it is hereby

**ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 26) is **ADOPTED** as the opinion of the Court.

2. Plaintiff Bank of America, N.A.'s Amended Motion to Dismiss 'Initial Brief' and Response to Motion for Summary Judgment (Doc. 20) is **GRANTED** to the extent that this case is **REMANDED** to the Fifth Judicial Circuit in and for Citrus County, Florida.

3. The Motion for Summary Judgment (Doc. 11), Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 21), and the Emergency Motion for Stay Pending Review (Doc. 22) are **MOOT**.

4. All proceedings in the state action after October 22, 2014 and before the state court receives this Order of remand are **VACATED** and **VOID AB INITIO.**

5. Once remand has been effected, the Clerk should close the case.

---

[3] This unfortunate result, and the eight month delay in reaching it, could have been avoided if Bank of America had simply filed a prompt motion to remand in this Court upon receipt of HoSang's notice of removal.

**DONE AND ORDERED** in Jacksonville, Florida the 23rd day of June, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Honorable Philip R. Lammens
United States Magistrate Judge

Counsel of record

Pro se defendant

Attachments:   State trial court docket sheet, state appellate court docket sheet, Order Striking Defendant's Notice of Appeal